UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF BAPA HOLDINGS, CORP., PURSUANT TO 28 U.S.C. § 1782 FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN PROCEEDING | Misc. Action No. 25-00026 (AHA) |

**Memorandum Opinion**

On May 21, 2025, this court granted BAPA Holdings, Corp.'s application for discovery from NeWay Capital LLC for use in a foreign proceeding under 28 U.S.C. § 1782. ECF No. 3. NeWay now moves to vacate the court's order and to quash the subpoena issued under the order. The court denies NeWay's motion.

**I.      Background**

In February 2025, BAPA filed an *ex parte* application under 28 U.S.C. § 1782, to obtain discovery from NeWay for use in a foreign proceeding. ECF No. 1. This court ordered BAPA to show cause why the application should proceed *ex parte*. Minute Order (Apr. 2, 2025). The court accepted BAPA's showing, which included the expectation that any issues related to the subpoena could be raised in a motion to quash, should NeWay choose to file one. *See* ECF No. 2 at 2. The court granted BAPA's application, concluding the discovery sought met the requirements of § 1782 and was appropriate under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). ECF No. 3. BAPA served a subpoena on NeWay, and NeWay now moves to vacate the court's order and quash the subpoena. ECF No. 5.[1]

---

[1]   NeWay's pleadings do not comply with the formatting requirements in this court's local rules. *See* Local Civ. R. 5.1(d). Failure to comply in the future may lead the court to strike the relevant pleading.

## II. Discussion

NeWay argues, and BAPA does not dispute, that this court has authority to reconsider and vacate its earlier order. *See Pishevar v. Fusion GPS*, No. 21-mc-105, 2025 WL 885115, at *8 (D.D.C. Mar. 21, 2025) (explaining that "courts should allow recipients of discovery authorized under Section 1782 to challenge the initial order's validity" (cleaned up) (quoting *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 471 (5th Cir. 2022)). NeWay argues the court should do so here because (i) BAPA has not shown the court has personal jurisdiction over NeWay; and (ii) BAPA has not shown the discovery sought satisfies § 1782 or the factors set forth in *Intel*, 542 U.S. 241. NeWay also argues the subpoena BAPA served should be quashed because of improper service and overbreadth.

### A. The Court Has Personal Jurisdiction Over NeWay

NeWay argues BAPA has not shown this court has personal jurisdiction over it, arguing that it "has not designated Washington, D.C. for general jurisdiction purposes, nor is it registered to do business in Washington, D.C." ECF No. 5 at 2.

Section 1782 allows an action to be brought in "the district in which a person resides or is found." 28 U.S.C. § 1782(a). The parties agree this provision extends to the limits of due process. ECF No. 5 at 4; ECF No. 7 at 8; *see also In re del Valle Ruiz*, 939 F.3d 520, 528 (2nd Cir. 2019) (holding that "§ 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process"). The Supreme Court has generally recognized two routes for personal jurisdiction: general jurisdiction, where the defendant is "essentially at home" and the court can hear "any and all claims" against them, and specific jurisdiction, which allows jurisdiction over a party "less intimately connected with a State" if there is "an affiliation between the forum and the underlying controversy." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021) (citations omitted). Consistent with these principles, courts generally

agree that a business entity "is 'found' in a district where it is headquartered or incorporated." *In re DiGiulian*, No. 19-mc-132, 2020 WL 5253849, at *3 (D.D.C. Sept. 3, 2020) (quoting *In re Masters*, 315 F. Supp. 3d 269, 274 (D.D.C. 2018)).

The court concludes that the record before it shows NeWay "resides or is found," and is fairly considered to be "at home," in D.C. BAPA has introduced evidence that NeWay consistently holds itself out as a business based in D.C. The company's website lists only a D.C. address and D.C. phone number. ECF No. 7-2 ¶ 4. And social media profiles for the company and its CEO and chairman list D.C. as the company's headquarters. ECF No. 7-2 ¶¶ 6–7. *See Adler v. Loyd*, 496 F.Supp.3d 269, 278 (D.D.C. 2020) (relying on office address provided on defendant's website in finding personal jurisdiction). So too do the company's official reports and filings. NeWay's annual reports for the past eight years and SEC filings signed by NeWay officers identify a D.C. address as its principal place of business. ECF No. 7-2 ¶¶ 14–21.

NeWay responds that it is a remote-work company and its physical address in D.C. is used for mail forwarding. NeWay asks the court to find that it "resides or is found" in Mississippi, where its chief of staff and one board member apparently live. ECF No. 5-1 ¶ 3. However, this fails to overcome BAPA's far more substantial showing that NeWay holds itself out as an organization headquartered in D.C.

### B.  The Discovery Sought Satisfies § 1782 and *Intel*

NeWay also argues that the court should vacate its earlier opinion because BAPA has not satisfied applicable legal standards for the discovery sought. ECF No. 5 at 3–4. The court does not find its arguments persuasive.

NeWay first argues that BAPA has not shown it seeks the relevant discovery "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). According to NeWay, the "best evidence" of this would have been a copy of the underlying complaint or other pleading that

3

initiated the foreign action. ECF No. 5 at 3. But whether it used the best evidence or not, NeWay supported its application with a detailed description, as well as a declaration by foreign counsel, describing the foreign legal proceeding and relevance of the discovery to it. Courts routinely rely on such declarations. *See, e.g.*, *In re Kuwait Ports Auth.*, No. 22-mc-00064, 2024 WL 4183210, at *5–6 (D.D.C. Aug. 6, 2024), *report and recommendation adopted*, No. 22-mc-00064, 2025 WL 1529798 (D.D.C. May 29, 2025); *In re Pishevar*, No. 21-mc-105, 2023 WL 2072454, at *2–3 (D.D.C. Feb. 17, 2023). Indeed, as BAPA observes, § 1782 is not limited to pending judicial proceedings, for which a complaint has been filed, but includes those "within reasonable contemplation." *Intel*, 542 U.S. at 259. NeWay does not respond to these arguments.

NeWay second argues that the court should decline BAPA's request for discovery under the *Intel* factors. In doing so, however, NeWay does not identify any error in the court's earlier analysis of those factors. *See* ECF No. 3 at 2. NeWay instead offers only conclusory assertions that each factor favors it or that the factors cannot be assessed without a copy of the foreign pleading, making no effort to analyze the factors or respond to BAPA's arguments and declaration addressing the factors. *See* ECF No. 5 at 6.

### C. BAPA's Ex Parte Application Did Not Violate Due Process

NeWay argues that BAPA violated its due process rights by filing an *ex parte* application with this court, rather than providing it with notice. ECF No. 5 at 6; ECF No. 8 at 2. In support, NeWay cites caselaw recognizing the importance of providing the target of a § 1782 discovery order with the opportunity to challenge its validity. ECF No. 8 at 2 (quoting *Banca Pueyo*, 55 F.4th at 471). NeWay's argument is unsound. As courts have recognized, "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*." *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012). And, "as a general matter, *ex parte* review is justified by the fact that the parties from whom discovery is sought will be given adequate notice

of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Masters*, 315 F. Supp. 3d at 272 (cleaned up). To be sure, district courts often consider the propriety of resolving a § 1782 application *ex parte*, followed by a possible motion to quash—as here—or requiring notice in the first instance. This court required BAPA to show cause on that very question. Minute Order (Apr. 2, 2025); *compare, e.g.*, *In re Masters*, 315 F. Supp. 3d at 273 (finding "that *ex parte* review is nonetheless appropriate because the Application does not appear to present complex issues that require the participation of Bank of America or Citibank to resolve"), *with* Order at 2, *In re Qatar Nat'l Bank*, No. 24-mc-00035 (D.D.C. Mar. 19, 2024), ECF No. 3 (recognizing that "[p]ermitting the party against whom discovery is sought to weigh in before the court rules on the application both 'streamlines the proceedings by accelerating identification of grounds for objection' and aids the court in assessing Section 1782's statutory and discretionary factors" (cleaned up)). But NeWay cites no authority for the proposition that due process is violated when the target of a discovery order is given the opportunity to challenge the order through a motion to quash, as it has done here.

### D.  NeWay's Motion To Quash The Subpoena Is Moot

In addition to moving to vacate the court's order, NeWay moved to quash the subpoena BAPA served on it, arguing that the subpoena was improperly served and overbroad. ECF No. 5 at 4–5. BAPA has since conceded that its subpoena was improperly served and the parties agree this renders moot NeWay's challenges to the subpoena. ECF No. 7 at 17; ECF No. 8 at 2.[2]

---

[2]  As BAPA observes, NeWay's motion to quash on the basis of overbreadth is "precisely" the type of objection "that parties are required to attempt to address through a conference between each other." ECF No. 7 at 15. Upon service of a subpoena, the court expects the parties will engage in such efforts before bringing any issue about the scope of the subpoena before the court.

## III.  Conclusion

For these reasons, NeWay's motions to vacate and quash are denied.

_____
AMIR H. ALI
United States District Judge

Date:   November 24, 2025